OPINION OF THE COURT
Heather L. Kitchen, J.
The defendant herein has been charged with a violation of section 240.26 of the Penal Law, harassment in the second degree. On the day of trial the defendant appeared without the benefit of counsel. The complainant also appeared for trial ready to proceed and anxious to prosecute this case. The prosecuting agency, the New York State Police, did not appear to prosecute this matter. The Dutchess County District Attorney’s Office also did not appear. Their internal policy is not to prosecute violations except under specific circumstances (i.e., the offense occurred on school grounds, etc., of which this case was not one). The complainant’s attorney appeared as a “friend of the Court,” but did not actively participate.
The court is cognizant of the plethora of debates, controversy and recent cases which have emanated from cases such as this, where no prosecutor is present, but both the complainant and defendant are present and ready to proceed. It is with this backdrop the court decides the instant case.
While the court grapples with the issue of whether a criminal trial (albeit a violation) may go forward without a prosecuting agency to represent the People of the State of New York, it is mindful of the rights bestowed upon all its citizens by virtue of our state and federal constitutions. Our constitution not only protects the rights of criminal defendants but also promises equal protection and rights to all its citizens. The complainant, of course, is included in this broad category. His right to be heard and have his “grievances” addressed by the court is no greater or less than “others,” merely due to the nonappearance of the prosecuting agency. To hold differently would be a denial of the complainant’s rights as a citizen of this fair land and would undermine the public’s confidence in our system of justice. Should a higher court determine that my reasoning and logic is faulty or my authority to decide this case is unwarranted, I will of course defer to its judgment; however, until that time comes, this court makes the following findings of facts and conclusions of law based on the credible evidence before it.
*163 The complainant testified that he and his brother were driving down West Market Street in the Village of Wappinger, County of Dutchess and State of New York. (No time or date was provided by the complainant.) He saw the defendant standing on the corner, who as they drove by, shouted annoying statements at them. The complainant continued driving and headed toward Home Depot, parked his vehicle and he and his brother began walking toward Home Depot’s entrance. The defendant drove into the parking lot, parked his car, approached the complainant and engaged in a verbal argument with the complainant’s brother as the three men walked into the store. As the three men continued into the Home Depot store the defendant continued yelling and screaming at the complainant’s brother. At one point during this argument the defendant said to the complainant, “Do you want a piece of this?”, and promptly hit the complainant in the side of his head with a closed fist. The complainant fell to the floor and hit his head, whereupon someone (the identity of this person is unknown to the court) called the New York State Troopers and an ambulance. The complainant’s brother, Keith Tomlins, also testified and corroborated the complainant’s version of the incident involving the defendant. The defendant thereafter testified that he never “sucker punched” anyone, but rather saw them at the Home Depot, where the complainant swung a pipe at him and poked fingers into defendant’s chest, forcing the defendant to defend himself, whereupon he open-handedly slapped the complainant in the side of the head. The defendant further testified that the complainant and the complainant’s entire family have been tormenting him for many years and he himself was injured by the complainant approximately nine years earlier and required medical intervention costing approximately $30,000.
It is worth noting that during the defendant’s testimony the complainant, and others who were in the courtroom with the complainant, continually interrupted the defendant’s testimony, called him names and were generally disruptive. Most notably, an elderly woman seated behind the complainant (which the court suspects was his mother), while hooked up to what was obviously an oxygen tank, murmured to the defendant throughout his testimony, “cry baby, cry baby.” Soon thereafter the behavior of both parties deteriorated into what the court can only describe as “verbal bashing,” reminiscent of the epic feud of two Appalachian families, better known as the “Hatfields and McCoys.”
*164 It is the duty of the trier of fact to determine the credibility of the witnesses and, in a case such as this, in so doing to determine the ultimate outcome. It is the complainant’s duty in this criminal action to prove each and every element beyond a reasonable doubt. It is clear to the court that the credibility of the complainant and his witness was no better but no worse than the credibility of the defendant. Each party behaved in a manner which the court found to be atrocious, abominable, and equally disruptive. If the court had to choose, it finds the testimony of the defendant slightly more credible than the complainant. That being the case, the complainant has failed to prove the charge of harassment in the second degree beyond a reasonable doubt and therefore the case is dismissed. The temporary order of protection is henceforth vacated.